UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

UNITED STATES OF AMERICA,

        Plaintiff,

        -against-                                    Docket No. 24 Cr. 440 (NSR)

JAMES COLLINS, JR,

        Defendant.
----------------------------------------------------------X

RECEIVED AUG 05 2026

RECEIVED SDNY DOCKET UNIT 2026 AUG -5 PM 3: 46

## DEFENDANT'S PRO SE MOTION TO VACATE HIS GUILTY PLEA, SENTENCE, AND CONVICTION, FOR THE APPOINTMENT OF COUNSEL, AND FOR HIS RELEASE ON BOND AND AUTHORITY IN SUPPORT THEREOF BROUGHT IN ACCORDANCE WITH THE PROVISIONS OF TITLE 28, UNITED STATES CODE, SECTION 2255

NOW COMES Defendant, JAMES COLLINS, JR., appearing pro se, and respectfully move this Honorable Court for an order (1) vacating his guilty plea, sentence, and conviction, pursuant to 28 U.S.C. 2255, (2) appointing counsel, pursuant to 18 U.S.C. 3006A(g), and (3) admitting him to bail pending the final disposition of his motion on the merits. For the reasons stated hereinafter, an order granting this motion, in its entirety, should issue forthwith in the interest of justice.

### BACKGROUND & RELEVANT FACTS

On January 24, 2024, a criminal complaint was filed charging Defendant with child exploitation offenses. That same day Defendant made his initial appearance before the Court and entered a not guilty plea to the charges in the complaint, and was ordered detained. On July 22, 2024, despite the passage of nearly six-months, and the mandate of 18 U.S.C. 3161 (b), no indictment was returned. Instead, a felony Information was filed purporting to charge Defendant with, attempting to violate 18 U.S.C. 2422(b) (Count One), and violating 18 U.S.C. 2251(a) (Count Two).

On March 6, 2025, the Government filed a Superseding Information charging Defendant with two-counts of violating 18 U.S.C. 2422(b). These counts charged distinct offenses from those contained in the original Information. That same day, on the advice of counsel, Defendant entered a guilty plea to both counts. On April 2, 2025, the Court accepted the guilty plea.

On October 31, 2025, the Court sentenced Defendant to two-concurrent terms of 228 months imprisonment. No appeal was taken, and counsel did not consult Defendant regarding the taking of an appeal.

## COUNT ONE

In or about July 2023, in the Southern District of New York and elsewhere, JAMES COLLINS, JR., the defendant, knowingly, using facilities and means of interstate and foreign commerce, persuaded,... an individual who had not attained the age of 18 years to engage in sexual activity for which a person can be charged with a criminal offense, to wit, COLLINS, in communications over the internet, persuaded a 15-year-old boy ("Victim-1") to meet the defendant in Westchester County, New York, for the purpose of engaging in sexual activities in violation of New York Penal Law, including New York Penal Law Section 130.40.
(Title 18, United States Code, Section 2422(b).)

## COUNT TWO

In or about July 2023, in the Southern District of New York, and elsewhere, JAMES COLLINS, JR., the defendant, knowingly, using facilities and means of interstate and foreign commerce, persuaded,... an individual who had not attained the age of 18 years to engage in sexual activity for which a person can be charged with a criminal offense, to wit, COLLINS, while in Westchester County, New York, in communications over the internet, persuaded a 17-year-old minor in Illinois ("Victim-2") to engage in sexually explicit activity and send COLLINS videos and photos of such activity.
(Title 18, United States Code, Section 2422(b) and 2427.)

Prior to entering the guilty plea in this case, Defendant discussed the conduct he engaged in with his attorney, and was assured that he had no defense to the allegations in the Information. In no uncertain terms, counsel advised Defendant that his conduct fell within the ambit of the statute allegedly violated, and that there were no objectionable basis to either of the counts. Accepting that information as true, Defendant entered a plea of guilty.

Defendant now seeks an order vacating his guilty plea, the sentence, and the conviction entered on both counts of the Superseding Information. Defendant also seeks dismissal of the Superseding Information, the appointment of counsel, and his release on bail. In the interest of justice, this motion should be, and is hereby due to be granted.

## ARGUMENTS & AUTHORITIES

**DEFENDANT WAS DEPRIVED OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL RESULTING IN AN INVOLUNTARY GUILTY PLEA, AND THE GUILTY PLEA, SENTENCE, AND JUDGMENT MUST BE VACATED, AND THE COURT MUST DISMISS THE SUPERSEDING INFORMATION, WITH PREJUDICE**

A.     The Legal Standard.

Criminal defendants have a right to the effective assistance of counsel during the plea stages. Lafler v. Cooper, 132 S.Ct. 1376, 1384 (2012). To establish ineffective assistance of counsel, a petitioner must demonstrate (1) deficient performance by the attorney, and (2) prejudice from counsel's unprofessional errors. See, Strickland v. Washington, 466 U.S. 668 (1984). In the context of a guilty plea, a petitioner demonstrates prejudice when he makes a showing that, but for counsel's unprofessional errors, he would not have entered a plea of guilty but would have insisted on proceeding to trial. See, Hill v. Lockhart, 474 U.S. 52, 59 (1985).

It is well-settled that misrepresentations to a client by an attorney in connection with the decision to enter a plea of guilty amounts to deficient performance under Strickland's first prong. See, e.g., United States v. Couto, 311 F.3d 179, 188 (2d Cir. 2002). The Supreme Court has long since held that "[p]rior to trial an accused is entitled to rely upon his counsel to make an independent examination of the facts, circumstances, pleadings and laws involved and then to offer his informed opinion as to what plea should be entered." Von Moltke v. Gillies, 332 U.S. 708, 721 (1948); Carrion v. Smith, 644 F. Supp. 2d 452, 466 (S.D.N.Y. 2009).

Defendant submits that misrepresentations by his attorney led him to enter a plea of guilty. At the time of the plea, Defendant "was entirely in the hands of his attorney, who was also an officer of the Court, and he was fully entitled to believe that the misrepresentations made to him by [his attorney] were true." Mosher v. LaVallee, 351 F. Supp. 1101, 1110 (S.D.N.Y. 1974), aff'd 491 F.2d 1346 (2d Cir. 1974).

B.   The Discussion.

Defendant entered a plea of guilty on the advice of counsel,  even though (unbeknownst to Defendant) the charging document (Superseding Information) failed to charge a federal offense. Had Defendant been aware of the defect, he would not have entered a guilty plea. Had counsel moved to dismiss, the motion would have been granted. Had counsel appealed the judgment, the Second Circuit would have vacated the judgment and remanded the case to the district court with instructions to dismiss the Superseding Information. Counsel's shortcomings in this respect deprived Defendant of the counsel guaranteed by the Sixth Amendment.

Further, had Defendant known of the defects in the Superseding Information, he would have insisted that counsel advance such a challenge and he would not have entered a plea of guilty.

The Information here failed to charge any offense, and could not serve as a basis for a conviction. Section 2422(b) requires an allegation and proof of that conduct would have violated some other law. The section proscribes, inter alia, "sexual activity for which a person can be charged with a criminal offense." Count One of the Superseding Information cites to New York Penal Law 130.40, without any reference to a particular subsection. However, Section 130.40 covers multiple offenses. See, e.g., Section 130.40(2)(statutory rape involving oral sexual conduct); 130.40(3)(penalizing nonconsenual sexual conduct). "[A] citation to broad portions of state penal codes covering several distinct offenses does not sufficiently allege a particular criminal act." United States v. Thompson, 141 F. Supp. 3d 188, 197 (E.D.N.Y. 2015); United States v. Lanzon, 2008 WL 3271092, at *1 (S.D. Fla. Aug. 8, 2008)(dismissing Section 2422 indictment that cited Fla. Stat. 800.04 because that statute "codifies multiple types of prohibited conduct within different subsections.")

-3-

In "certain statutes specification of how a particular statement will be enacted (as opposed to a mere recitation of the element) is of such importance to the fairness of the proceeding that it must be spelled out in the indictment." United States v. Stringer, 730 F.3d 120, 126 (2d Cir. 2013). Moreover, when "one element of the offense is implicit in the statute, rather than explicit, and the indictment tracks the language of the statute and fails to allege the implicit element explicitly, the indictment fails to allege an offense." United States v. Foley, 73 F.3d 484, 488 (2d Cir. 1996). "If a statute makes it a crime to engage in certain conduct 'contrary to law,' it is not enough simply to cite the statute and recite in the pleading that the act was contrary to law -- the pleading must show what other law was violated, either by citation to the other statute or by sufficient factual allegations." Charles Alan Wright, et. al., 1 Fed. Prac. & Proc. Crim., Section 124 (4th Ed. 2014); see, e.g., Keck v. United States, 172 U.S. 434, 437 (1899)(indictment charging defendant with importing diamonds "contrary to law" was deficient); United States v. Peel, No. 2:14-CR-106, 2014 WL 3057523 (E.D. Cal. July 7, 2014)(holding that Section 2422 indictment must cite a specific statute or describe particular sexual activity); United States v. Crowley, 79 F. Supp. 2d 138, 156 (E.D.N.Y. 1999) rev'd in part on other grounds, 236 F.3d 104 (2d Cir. 2000)(holding that a sexual-abuse indictment must specify the sexual act underlying the charge because the statutory definition of "sexual act" contains several distinct acts); United States v. Lanzon, No. 06-CR-20783, 2008 WL 3271092 (S.D. Fla. Aug. 8, 2008) (dismissing Section 2422(b) indictment for failing to specify specific Florida State penal law criminalizing sexual activity). Like the indictments in Thompson and Lanzon the information here was defective.

The Second Circuit has held that "stating that an act is 'in violation of' a cited statutory section adds no factual information as to the act itself. It declares the legal basis for claiming that the act is deserving of punishment, but does nothing to describe the act; only words of the indictment give evidence of whether the grand jury considered and included with the offense charged the essential element. Stated another way, there mere citation of a statutory section is of scant help is deciding whether the grand jury considered the essential element." United States v. Gonzalez, 686 F.3d 122, 129, 132 (2d Cir. 2012). The standard by which Indictments are reviewed to determine their legal sufficiency is equally applicable to Informations, and "[a] person may not be punished for a crime without a formal and sufficient accusation, even if he voluntarily submits to the jurisdiction of the court." Albrecht v. United States, 271 U.S. 1, 8 (1927).

-4-

The district court was without jurisdiction in this case given the undeniable and facial deficiencies in Counts One and Two of the Superseding Information. "'In order to sustain a challenge to the district court's jurisdiction, the defendant who has pleaded guilty must establish that the face of the [charging instrument] discloses that the count or counts to which he pleaded guilty failed to charge a federal offense.'" United States v. Harris, 712 F. App'x 108, 109 (2d Cir. 2018) (summary order)(quoting Hayle v. United States, 815 F.2d 879, 881 (2d Cir. 1987). A charging instrument is sufficient so long as it "contains the elements of the offense and fairly informs a defendant of the charge against which he must defend," and "enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117 (1974).

The Superseding Information here failed to charge an offense in that it omitted at least one essential element, as discussed above. Consequently, the Court was deprived of jurisdiction and the conviction is invalid inasmuch as the charging instrument was legally insufficient to confer jurisdiction in the district court since it failed to charge a federal offense by omitting an essential of the federal offense it intended to charge. Neither of the two counts described the essential "sexual activity" that is core to both the charges and the offense as a whole. Nor did the Superseding Information cite to the relevant local or federal law which penalized the "sexual activity." Such an allegation was essential to charging the offense intended to be charged.

Counsel was, indisputably, ineffective in failing to advocate for Defendant in the manner suggested, and as such an order vacating the guilty plea, sentence, and judgment of conviction should issue forthwith. in addition, the Court should dismiss, with prejudice, the Superseding Information, and discharge Defendant from the custody of the Federal Bureau of Prisons.

In addition, Defendant submits that his conduct did not fall within the ambit of the statute allegedly violated, and counsel was therefore ineffective for both failing to seek dismissal and for advising him to accept the Government's plea offer and enter a plea of guilty. To be sure, the Superseding Information alleges that Defendant "persuaded" both victims to engage in "sexual activity." However, both victims were predisposed to engaging in the alleged "sexual activity," and therefore neither required any "persuasion." Defendant merely "asked" the victims to engage in the undescribed "sexual activity," and such conduct does not fall within the ambit of 18 U.S.C. 2422(b).

"Although . . . there may be some uncertainty as to the precise demarcation between 'persuading,' which is crimin-alized, and 'asking,' which is not, . . . the statute's terms are sufficiently definite that ordinary people using common sense [can] grasp the nature of the prohibited conduct." United States v. Waqar, 997 F.3d 481, 485 (2d Cir. 2020)(quoting United States v. Gargliardi, 506 F.3d 140, 147 (2d Cir. 2007).

-5-

What Defendant did in this case was "ask," not "persuade," and having explained his conduct to counsel (prior to entering his plea of guilty), counsel had a constitutional duty to seek dismissal. Furthermore, counsel's misrepresentation to Defendant that his conduct constituted an offense under the statute entitles Defendant to an order vacating the guilty plea, sentence, and judgment of conviction. "Dismissal is required where the conduct alleged in the [charging document] as a factual basis is not actually prohibited by the language of the statute." United States v. Aleynikov, 737 F. Supp.2d 173, 176 (S.D.N.Y. 2010).

Defendant also submits that he was deprived of his right to appeal by virtue of ineffective assistance of counsel. More specifically, following the imposition of the sentence, counsel did nothing to ensure that Defendant was informed of how to take an appeal, and counsel did not consult Defendant regarding taking an appeal. Had counsel done so, Defendant would have exercised his right to appeal and would have insisted that counsel pursue an appeal from the both the judgment of conviction and sentence. Thus, Defendant was denied the effective assistance of counsel, and the right to appeal. the sentence must, thus be vacated. See, Roe v. Flores-Ortega, 528 U.S. 470, 478-80 (2000); Thomas v. United States, 93 F.4th 62 (2d Cir. 2024)

Finally, the Court should appoint counsel and admit this Defendant to bail pending the final disposition of this motion on the merits. It is well settled that district courts have inherent authority to admit habeas petitioners to bail pending the resolution of their petitions. See, Mapp v. Reno, 241 F.3d 221, 226 (2d Cir. 2001); Iuteri v. Nardoza, 662 F.2d 159, 161 (2d Cir. 1981). To obtain release on bail a petitioner must show that his petition raises substantial questions upon which there is a substantial likelihood of success, and that there exist extraordinary circumstances that make the grant of bail necessary to render the habeas remedy truly effective. Id. Here, it is indisputable that this motion raises substantial questions, and that there are extraordinary circumstances that make granting bail necessary. Specifically, Defendant is "actually innocent" of having "persuaded" either of the victims to engage in sexual activity, and each count of the Information was jurisdictionally and constitutionally deficient in failing to charge any federal offense. Defendant's mere "asking" did not constitute an offense under Section 2422(b), and was tantamount to "persuad[ing]" either alleged victim to engage in any sexual activity. Both of the alleged victims were frequent visitors to websites frequented both those looking to engage in the very behavior they engaged in. Thus, not only was there not a cause to "persuade" either of them, but persuasion was completely unnecessary. Merely "asking" would suffice, but such conduct is not proscribed by Section 2422(b). Thus, this Defendant's continued confinement would be grossly unfair and unconstitutional, creating extraordinary circumstances warranting the grant of bail.

-6-

CONCLUSION

Having conclusively established that defendant was denied effective assistance of counsel, that the Court was without jurisdiction due to the Superseding Information being facially defective and invalid (since it failed to charge an offense), that Defendant is actually innocent, an order granting the relief sought here should issue.

WHEREFORE, Defendant prays that the Court will issue an order granting this motion in its entirety.


Dated: Danbury, Connecticut
     August 3, 2026

Respectfully submitted,

JAMES COLLINS, JR.
REGISTER NO. 95949-510
FCI DANBURY
ROUTE 37
DANBURY, CONNECTICUT 06811


VERIFICATION

I, JAMES COLLINS, JR., do hereby verify, affirm, state, and declare, under penalty of perjury, and pursuant to 28 U.S.C. 1746, that the facts set forth in this motion are true and correct, to the best of my knowledge, belief, and recollection.

Executed this 3rd day of August, 2026

JAMES COLLINS, JR.

-7-

James Collins, Jr.    95949-510
FCI Danbury
Route 37
Danbury, CT 06811

RECEIVED
SDNY DOCKET UNIT

2026 AUG -5 PM 3:46

WESTCHESTER NY 105

3 AUG 2026 PM 1 L

UNITED STATES OF AMERICA FOREVER/USA
UNITED STATES OF AMERICA FOREVER/USA

Clerk of the Court
United States District Court
Southern District of New York
300 QUARROPAS Street
White Plains, New York 10601

USMws SDNY

10601-414000

